UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN A. WILLIAMS,          )<br>                            )<br>    *Plaintiff*          )<br>                            )<br>v.                          )<br>                            )<br>SOUTHERN MAINE MOTORS, LLC, )<br>                            )<br>    *Defendant*          )  | No. 2:15-cv-109-GZS |

## ORDER ON DISCOVERY DISPUTE

In this employment action, telephone conferences were held before me on August 21 and September 15, 2015, to address discovery disputes between the parties concerning, *inter alia*, certain requests for production of documents served on the defendant by the plaintiff. *See* ECF Nos. 14 & 19. As a result of those hearings, and in accordance with my rulings, counsel for the defendant employer has submitted for *in camera* review all personnel files, however titled, held by the defendant concerning five named current or past employees. Following my *in camera* review, I now order that certain documents from those files be provided to counsel for the plaintiff, subject to the terms of the confidentiality order that has been entered in this action, ECF No. 17.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any unprivileged matter that is relevant to another party's claims. Fed. R. Civ. P. 26(b)(1); *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008). The instant dispute concerns the relevance of the requested documents. The pages that I have determined to be discoverable pertain to the job performance of two of these five employees, whose workplace treatment the plaintiff alleges was either similar to, or inconsistent with, his own. Those pages, the only ones

1

pertaining to the job performance of any of the five employees whose records were provided, bear on comparability, which is a sufficient basis to permit discovery. *See, e.g.*, *Diaz v. Local 338 of Retail, Wholesale Dep't Store Union*, No. 13-CV-7187 (SJF) (SIL), 2014 WL 4384712, at *3 (E.D.N.Y. Sept. 3, 2014) ("[P]ersonnel files of comparable employees are discoverable in an employment discrimination lawsuit, subject to a protective order.") (citation and internal punctuation omitted).

 As stated in the post-conference orders, ECF Nos. 14 & 19, the information that I order the defendant to produce is that which has some reasonable nexus to the issues raised in the complaint that initiated this action. *See* Fed. R. Civ. P. 26(b)(1).

With respect to employee Gail Yankura, four pages will be produced. With respect to employee John C. Williams, seven pages will be produced. None of the rest of the material submitted to the court by the defendant pertaining to these two individuals or the other three current or past employees need be produced.

Because the personnel files were submitted to the court without any numbering or other type of identifying markings, sealed copies of the 11 pages that shall be produced by the defendant to the plaintiff will be available at the Clerk's Office to be picked up by Attorney Eisenberg, who shall then provide copies of those pages to Attorney White, electronically or otherwise, by noon on Monday, September 28, 2015, prior to the defendant's corporate deposition presently scheduled for September 29, 2015.

<u>*SO ORDERED.*</u>

<u>*NOTICE*</u>

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 25th day of September, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge